UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BARBARA J. HENLEY, *as Legal
Guardian of* WILLIE N. HENLEY,

        Plaintiff,

        v.

CITY OF BUFFALO, *et al.*,

        Defendants.
_____

        22-CV-65-LJV-JJM
        DECISION & ORDER

On December 10, 2021, the plaintiff, Barbara J. Henley, the legal guardian of Willie N. Henley, commenced this action in New York State Supreme Court, Erie County. Docket Item 1. She alleges that Willie Henley's civil rights were violated when a Buffalo police officer shot him during a "mental health crisis response." *See id.* at 18-28. On January 20, 2022, the defendants removed the case to this Court. *See id.* at 1-3. On March 5, 2022, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A), Docket Item 3; this Court later expanded that referral order to include all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Docket Item 29.

On September 20, 2022, the plaintiff moved to amend her complaint to bring new claims under 42 U.S.C. § 1983 against the current defendants and to assert claims against defendants not named in the complaint. Docket Item 19. On October 19, 2022, the defendants responded to the motion to amend. Docket Item 25. They said that the motion to amend should be denied in part because the plaintiff's claims against the new defendants are legally inadequate, time barred, or procedurally deficient. *Id.* The

defendants did not, however, object to the plaintiff's amending her complaint to assert new section 1983 claims against them.  See Docket Item 25 at 10; Docket Item 30.  The plaintiff did not reply in further support of the motion to amend.

On March 27, 2023, Judge McCarthy issued a Report and Recommendation ("R&R") finding that the plaintiff's motion to amend should be granted in part and denied in part.  Docket Item 31.  More specifically, Judge McCarthy recommended granting the plaintiff leave to amend her complaint to assert new section 1983 claims against the current defendants but denying the plaintiff's request to add claims against new defendants.  See id.   The parties did not object to the R&R, and the time to do so now has expired.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  See *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's R&R as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation to grant the plaintiff's motion to amend in part and to deny the motion in part.

For the reasons stated above and in the R&R, the plaintiff's motion to amend, Docket Item 19, is GRANTED in part and DENIED in part. The plaintiff shall file an amended complaint asserting her new claims under section 1983 against the current defendants within seven days of the date of this order. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of March 27, 2023, Docket Item 29.

SO ORDERED.

Dated:     April 17, 2023
           Buffalo, New York

                                          /s/ Lawrence J. Vilardo
                                       LAWRENCE J. VILARDO
                                       UNITED STATES DISTRICT JUDGE