UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
=====================================

BARBARA J. HENLEY as legal guardian of
WILLIE N. HENLEY, and WILLIE N. HENLEY, individually,

                    Plaintiff,               AMENDED COMPLAINT

    v.                                    Docket No.:
                                      1:22-cv-0065-LJV

THE CITY OF BUFFALO
c/o Corporation Counsel
65 Niagara Street, 1100 City Hall Buffalo, New York 14202

KARL SCHULTZ individually and in his capacity
as a Buffalo Police Officer,
68 Court Street
Buffalo, New York 14202

ALYSSA PERON, individually and in her capacity
as a Buffalo Police Officer,
68 Court Street
Buffalo, New York 14202,

                    Defendants
=====================================

      Plaintiff  BARBARA J. HENLEY AS LEGAL GUARDIAN OF WILLIE N. HENLEY,

and WILLIE N. HENLEY, individually, by their attorneys Vinal & Vinal, P.C. as and for their

Amended Complaint against the Defendants CITY OF BUFFALO, BUFFALO POLICE

DEPARTMENT, KARL SCHULTZ, and ALYSSA PERON, upon information and belief, allege

as follows:

    1.   This action is brought under New York State statutory and common Law, the New

        York State Constitution, 42 U.S.C. §§ 1983 and 1988, and the United States

        Constitution.

2. This Court has subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983. Further, as stated infra, the Court has this case on removal requested by defendants.

3. Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. § I 367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

4. Pursuant to 28 U.S.C. § 139l(b), venue is proper in the Western District of New York because the events forming the basis of plaintiffs verified complaint occurred in this District and because the action was removed to the Western District of New York by defendants.

## PARTIES

5. At the time of the incidents that are the subject of this action, Willie N. Henley was a citizen of the State of New York, County of Erie, who was homeless but stayed at Harbor House at 241 Genesee Street, Buffalo, New York 14204, a social services organization provider.

6. On 12/10/21, Plaintiff Barbara Henley was appointed as the legal guardian of the person and property of WILLIE N. HENLEY by the Surrogate's Court of the County of Erie, to prosecute this lawsuit. Although WILLIE N. HENLEY has been declared competent, the guardianship is still valid. Willie N. Henley is also acting individually as well.

7. Plaintiff Barbara J. Henley is a resident of the State of New York, County of Erie, and

resides at 468 Berkshire Avenue, Buffalo, New York 14215.

8.  Defendant, City of Buffalo, was and is a municipal corporation duly organized and existing under the laws of the State of New York and has a business address at Buffalo City Hall, 65 Niagara Square, Buffalo, New York 14202 and is authorized by law to maintain a police force and department, which acts as its agent in the area of law enforcement and corrections and for which it is ultimately responsible.

9.  Defendant, City of Buffalo, through its Common Counsel, City Counsel, and their officers, agents, servants, employees, and/or their specialized units, promulgate, implement, review and/or enforce, as policymakers, certain policies regarding the conduct and actions of police officers employed by the City of Buffalo, including defendants Schultz, Peron, and unnamed employees.

10.  Defendant City of Buffalo was responsible for hiring, training, supervising, discipline, and conduct of the defendant officers, and unnamed officers, and it is further responsible for setting, reviewing, and/or enforcing the policies and regulations of the Buffalo Police Department.  Defendant City of Buffalo also was responsible for ensuring that the City of Buffalo Police Officers obey the laws of the State of New York and the United States of America.

11.   Defendant,  Karl Schultz, was and is a resident of the  County  of Erie, and State of New York.  He was and is a Police Officer employed by the City of Buffalo at all times hereinafter mentioned.  Defendant Schultz was acting within the scope of his employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit.  In addition, defendant Schultz is being sued in her individual capacity for damages caused by her actions and/or conduct.

12. Defendant, Alyssa Peron, was and is a resident of the County of Erie, and State of New York, and was and is a Police Officer employed by the City of Buffalo at all times hereinafter mentioned. Defendant Peron was acting within the scope of her employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit. In addition, defendant Peron is being sued in her individual capacity for damages caused by her actions and/or conduct.

13. At all relevant times, defendants, either personally or through their employees, were acting under the color of law and/or in compliance with the official rules, regulations, laws, statutes, policies, customs, ordinances, usages and/or practices of the City of Buffalo. Defendants' actions and conduct show that they did not, nor could they, reasonably rely upon any existing law.

## <u>STATEMENT OF TIMELINESS</u>

14. On or about November 24, 2020, Plaintiff timely filed a Notice of Claim with the city of Buffalo, setting forth facts underlying Plaintiff's claim against the Defendants. This was done by mail due to the COVID restrictions and the process server not being allowed to enter city hall and same was accepted and reviewed on or before November 30, 2020.

15. On November 9, 2021, the city agreed to allow filing the Summons and Complaint despite the 50-h not occurring but reserved its right to a hearing.

16. More than 30 days have elapsed since filing of the notice of claim and the City never adjusted or paid the claim.

17. The Summons and Complaint was filed in New York State Supreme Court, Erie County.

18.  Defendants moved for removal to federal court, United States District Court for the Western District of New York.

19. That upon information and belief and at all times hereinafter mentioned, the Co-Defendants, Karl Schultz and Alyssa Peron, were and are still police officers with the Co-Defendant, Buffalo Police Department, and were acting in that capacity, and within the course and scope of their employment, as police officers, agents, servants and/or employees of the Co-Defendants, City of Buffalo and/or Buffalo Police Department.

20. That as a result of the aforementioned negligent, reckless, careless, willful, wanton, and grossly negligence conduct of the defendants, their police officers, agents, servants and/or employees, in the use of excessive force on Willie N. Henley, he sustained grievous bodily harm, intense physical pain, mental shock and anguish, conscious pain and suffering and emotional trauma.

21. The plaintiff received a gunshot wound to his right chest and was taken to ECMC for medical attention. The summary of the injuries sustained by the gunshot includes right hemothorax, right hematoma on back/flank, Grade IV liver laceration and right 12th rib fracture, intense physical pain, mental shock and anguish, conscious pain and suffering and emotional trauma.

22. The Plaintiff's injuries occurred as a result of the negligence, careless and/or reckless disregard for the safety of others, including the Plaintiff, in that the defendants failed to properly protect the public from certain officers, to properly supervise its employees, negligently hired their employees, allowed the use of excessive force, failed to properly attend to Plaintiff's needs, thereby constituting a danger to the

Plaintiff who was a civilian with mental issues requiring a heightened duty of care by the defendants which such duty was breached causing the Plaintiff to become injured.

23. This claim is for actual and punitive damages as a result of the negligent actions of the Co-Defendants, their agents, servants and/or employees in contributing to and allowing grievous bodily harm, intense physical pain, mental shock and anguish, conscious pain and suffering and emotional trauma to the plaintiff and for violation of constitutional rights.

24. On or about September 12, 2020 at approximately 3:00pm in the City of Buffalo, County of Erie, on Genesee, west of Ellicott Street, the Plaintiff was lawfully sitting on a public bench on a public sidewalk.

25. Sitting on a bench is not a crime.

26. Plaintiff was not engaged in any criminal activity when police approached him on September 12, 2020.

27. At such time and place, a police officer approached Plaintiff and offered help.  The plaintiff declined the offer and repeatedly and unequivocally communicated he wanted no help and asked to be left alone.

28. Defendants did not leave him alone and as stated further, infra, defendants harassed, terrorized, assaulted chemically and physically with a baton Plaintiff in an attempt to grievously injure and kill him, and to otherwise violate common law and Plaintiff's Constitutional rights, as stated more fully infra.

## **FIRST CAUSES OF ACTION – GROSS NEGLIGENCE**

29. Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs 1 through 28 as if fully set forth herein and the facts contained infra.

30. The acts and omissions of the defendants and their employees constitute gross negligence.

31. As a result of the gross negligence, reckless and wanton indifference and disregard for the life and safety and rights of plaintiff, and/or intentional acts,  Willie N. Henley suffered emotional and physical injury, including but not limited to great pain and mental suffering, suffered intense physical pain and mental shock and anguish, and did suffer conscious pain and suffering, all of which was the result of the tortious act of defendants.

32. At the time Willie N. Henley was subjected to the afore-pleaded excessive force by co-defendant officers, Plaintiff had made no attempts to interfere with police business, did not pose any threat to defendant officers or to others.

33. That the defendant knew or should have known that the Plaintiff had a mental health condition as the officers were there in response to mental health crisis all.

34. That the defendants failed to exercise reasonable care, caution and prudence as a reasonable person would do to avoid the incident that happened between the defendants and the Plaintiff r4esulting in severe bodily injuries and emotional trauma to the Plaintiff and acted in reckless disregard as aforesaid.

35. There was no attempt by any defendant herein to de-escalate any perceived situation not to use any degree of force less than deadly physical force on the person of Willie N. Henley.

36. The aforesaid gross negligence and reckless disregard were the proximate cause of the Plaintiff's injures; these injuries were caused by the gross negligence of the co-defendants City of Buffalo, including employees in the Buffalo Police Department,

and officers Karl Schultz and Alyssa Peron, their agents, servants and/or employees in contributing to and allowing said injury to occur.

37.    That the resulting injury to Plaintiff was caused solely and wholly by reason of the gross negligence and reckless disregard and indifference and/or intentional acts and violation of rights by the defendants (acting jointly and severally).

38.    The intimidation, stalking hunting down, cornering, interaction, chemical assaults, physical assaults and terrorizing of the plaintiff, and use of deadly physical force used by defendants officers was not warranted or reasonable and was excessive under the circumstances.

39.    As a result of the foregoing, defendants are liable to the plaintiff in an amount to be determined by the trier of fact.

## SECOND CAUSE OF ACTION -- LIABILTY FOR EMPLOYEE ACT

40.  Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs 1 through 39 as if fully set forth herein.

41. Defendant, City of Buffalo, is statutorily and/or contractually liable for the actions of their employees, co-defendants officers, which directly resulted in the grievous injury, pain and suffering of Willie N. Henley due to defendants' tortious conduct.

42. The officers who went to the scene as well as the co-defendant officers' gross negligence, misconduct and/or tortious conduct was done within the scope of their authority and in furtherance of their duties as employees of co-defendant City of Buffalo.

43. Upon information and belief, at all times herein, defendant officers were and/or should have been under the direct and indirect control of their employers, co-

defendants City of Buffalo.

44. That upon information and belief, the co-defendants City of Buffalo, developed and maintained polices and customs exhibiting a deliberate indifference to the constitutional rights of persons in the City of Buffalo, which caused the violation of the Plaintiff's rights herein.

45. That upon information and belief it was the policy and/or custom of the defendants, City of Buffalo, to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the defendants, City of Buffalo and Buffalo Police Department.

46. That upon information and belief it was the custom and policy of the Defendants, City of Buffalo, to inadequately supervise, train, retain and hire their police officers, nor did said Defendants require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct, thereby failing to adequately discourage further constitutional violations on the part of their police officers, including the defendants, Karl Schultz and Alyssa Peron.

47. Upon information and belief, it was the custom and practice of the co-defendants, City of Buffalo to permit police officers like Karl Schultz to remain on patrol duty despite a history of misconduct, and worse yet to supervise and train and have rewarded him repeatedly for bad acts and covered up bad acts for him.

48. That upon information and belief and as a result of the above described policies, and customs, police officers of the co-defendant, City of Buffalo, including but not limited to co-defendants, Karl Schultz and Alyssa Peron, believes that their actions would not be properly monitored by supervisory officers and that misconduct would

not be sanctioned or investigated, but would be tolerated and indeed rewarded and covered up.

49. That upon information and belief, it was the custom and policy of the co-defendants City of Buffalo, to inadequately supervise, train, retain, and hire their police officers including Alyssa Person in the police department before posting them on patrol thereby causing grievous bodily injury to the Plaintiff.

50. The above described polices and customs demonstrated a deliberate indifference on the part of the policymakers of the co-defendant City of Buffalo to the constitutional rights of persons within the City of Buffalo, were a proximate cause of the violations of the Plaintiff's constitutional rights alleged herein.

51. The aforesaid conduct was a proximate cause of the Plaintiff's injures; these injuries were caused by the gross negligence of the co-defendants City of Buffalo, including employees in the Buffalo Police Department, and officers Karl Schultz and Alyssa Peron, their agents, servants and/or employees in contributing to and allowing said injury to occur.

52. That the resulting injury to Plaintiff was caused solely and wholly by reason of the aforesaid conduct by the defendants (acting jointly and severally).

53. As a result of the foregoing, defendants are liable to the plaintiff in an amount to be determined by the trier of fact.

### THIRD CAUSE OF ACTION - ### NEGLIGENCE HIRING, TRAINING AND SUPERVISION

54. Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs 1 through 53 as if fully set forth herein.

55. Defendants City of Buffalo, its agents, servants, and employees, hired defendant

officers and other officers to perform work as police officers for Defendant City of Buffalo.

56. Defendant City of Buffalo was negligent in the hiring of defendant officers and other officers in that it knew, or in the exercise of reasonable care, should have known, that the defendants did not possess the temperament and psychological makeup to properly carry out their duties as responsible and law abiding police officers.

57. Defendants City of Buffalo was negligent in the hiring of officer Karl Schultz and Alyssa Peron in failing to competently investigate and screen for their propensity to use deadly physical force when uncalled for and unjustified.

58. Defendant City of Buffalo was negligent in the training of defendant officers and other officers in that they failed to train said co-defendant officers in the proper bases for use of force, using deadly physical force, and in the rights of citizens under the United States Constitution and New York State Constitution in general and how to otherwise properly carry out their duties as responsible and law ability police officers.

59. The aforesaid conduct was a proximate cause of the Plaintiff's injures; these injuries were caused by the gross negligence of the co-defendants City of Buffalo, including employees in the Buffalo Police Department, and officers Karl Schultz and Alyssa Peron, their agents, servants and/or employees in contributing to and allowing said injury to occur.

60. That the resulting injury to Plaintiff was caused solely and wholly by reason of the aforesaid conduct by the defendants (acting jointly and severally).

61. As a result of the foregoing, defendants are liable to the plaintiff in an amount to be determined by the trier of fact.

## FOURTH CAUSE OF ACTION - INTENTIONAL ACTS

62.  Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs 1 through 61 as if fully set forth herein.

63. Defendants' actions placed Willie Henley in apprehension of imminent harmful and as a result of defendants' conduct, Willie Henley has suffered physical pain and mental anguish together with mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

64. The conduct of Officers occurred while they were on duty and in uniform, in and during the scope of their duties and functions as City of Buffalo police officers, and while they were acting as an agent, officer, servant, and employee of Defendant City of Buffalo. As a result, Defendant City of Buffalo is liable to Willie N. Henley pursuant to the state common law doctrine of respondeat superior.

65. As a direct and proximate result of the foregoing, Plaintiff was damaged and injured in an amount to be determined at trial.

66. The aforesaid conduct by the Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

67. Defendants touched and caused Willie Henley to be touched in a harmful and offensive manner.

68. Defendants did so without privilege or consent from Willie Henley.

69. As a result of defendants' conduct, Willie Henley has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

70. The conduct of the officers listed as defendants occurred while they were on duty and in uniform, in and during the scope of their duties and functions as City of Buffalo police officers, and while they were acting as an agent, officer, servant, and employee of Defendant City of Buffalo. As a result, Defendant City of Buffalo is liable to Willie N. Henley pursuant to the state common law doctrine of respondeat superior.

71. As a direct and proximate result of the foregoing, Willie N. Henley was damaged and injured in an amount to be determined at trial.

72. The aforesaid conduct by the Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Willie N. Henley claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

73. Defendants conduct was careless and negligent as to the emotional health of Willie N. Henley and caused severe emotional distress to him.

74. The acts and conduct of defendants was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75. The conduct of the on-scene officers occurred while they were on duly and in uniform, in and during the scope of their duties and functions as City of Buffalo police officers, and while they were acting as an agent, officer, servant, and employee of defendant City of Buffalo. As a result, defendant City of Buffalo is liable to Willie Henley pursuant to the state common law doctrine of respondeat superior.

76. As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to serious physical and emotional pain and suffering and was otherwise damaged and injured.

77. As a direct and proximate result of the foregoing, Willie N. Henley was damaged and injured in an amount to be determined at trial.

78. Defendants' conduct was intentional and done for the sole purpose of causing severe emotional distress to Willie Henley and arose from defendants' abuse of their position of power.

79. As a result of defendants' conduct, Willie Henley has severe emotional distress and physical and mental injury together with embarrassment, humiliation, shock, fright, and loss of freedom.

80. The conduct of on-scene officers occurred while they were on duty and in uniform, in and during the scope of their duties and functions as City of Buffalo police officers, and while they were acting as an agent, officer, servant. and employee of defendant City of Buffalo. As a result, defendant City of Buffalo is liable to Willie Henley pursuant to the state common law doctrine of respondeat superior.

81. The aforesaid conduct by the Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Willie N. Henley claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

82. Defendants conduct described above was extreme and outrageous and exceeded all reasonable bounds of decency.

83. As a direct and proximate result of the foregoing, Willie Henley was damaged and

injured in an amount to be determined at trial.

84. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Willie Henley claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## FIFTH CAUSE OF ACTION - VIOLATION OF STATE AND FEDERAL CONSTITUTION, ACTIONABLE UNDER 42 USC 1983

### A.    Constitutional Right to Be Left Alone

85. Defendants are liable under NYS Constitution, common law and under 1983 for Violated his US Constitutional rights, including but not limited to the right to be left alone, inherent in the constitution.  Justice Louis D. Brandeis stated well, "The makers of the Constitution conferred the most comprehensive of rights and the right most valued by all civilized men—the right to be let alone."  Fundamentally, this was the violation, that plaintiff was not allowed to be left alone, that underscores every act committed against plaintiff.  That failure to just leave him alone escalated for no legitimate reason into harassing, tormenting, stalking, terrorizing, and assaulting plaintiff repeatedly with chemical, nonlethal, and lethal weapons, and then arresting him and prosecuting him and engaging in a conspiracy to cover up the facts and falsely and insincerely investigate the claims, and to  silence him and make It so he could not redress his grievances while rewarding those who violated their duty and violated plaintiff's constitutional rights.

86. The aforesaid conduct was a proximate cause of the Plaintiff's injures; these injuries were caused by the gross negligence of the co-defendants City of Buffalo, including employees in the Buffalo Police Department, and officers Karl Schultz and Alyssa

Peron, their agents, servants and/or employees in contributing to and allowing said injury to occur.

87. That the resulting injury to Plaintiff was caused solely and wholly by reason of the aforesaid conduct by the defendants (acting jointly and severally).

88. As a result of the foregoing, defendants are liable to the plaintiff in an amount to be determined by the trier of fact.

**B.    Violation of First Amendment**

89. Violation of First Amendment including but not limited to the right to right to assemble.  Plaintiff was sitting on a bench, peacefully, nonviolently, and minding his own business.  Plaintiff had just come from walking all the way to Bailey and back and had no socks, and was using toilet paper to wick away perspiration.  Plaintiff was on public property; there was no one around; plaintiff had every reason to be there and to deny him his right to sit on a public bench to rearrange his shoes was a violation of his right to assemble.  There was no clear and present danger or an imminent incitement of lawlessness.  It was just a man sitting on public property minding his own business.  The officers restricted plaintiff's right to remain where he was on public property for political expediency because they disagreed with plaintiff's speech that he neither wanted nor needed help and wanted to be left alone.  The actions of the police violated the letter and intent of the right to assemble, which is to be on public property unmolested by the police.

90. Violation of the First Amendment including but not limited to the right to freedom of speech.  The plaintiff was asked if he needed help and said unequivocally that he did not need or want help.  He was denied the right to communicate that and punished for

his speech in saying he did not want or need help from the police and in asking them

to leave him alone.  The caller called saying the plaintiff was talking to himself in a

loud voice, although he was disturbing no one. While the plaintiff was not talking to

himself aloud when the police arrived, the fact that he had been talking to himself was

the reason that plaintiff was ordered to stop and menaced, harassed, assaulted

chemically and by blunt instrument and then by being shot.  Thus, in truth, the actions

of the police were in violation of the spirit and intent of the right to free speech as we

are allowed to talk aloud without the government taking action when as here there

was no incitement of imminent action or other prohibited speech.

91. Violation of the First Amendment including but not limited to the right to redress

grievances.  Plaintiff repeatedly asked the police to leave him alone and that he was

not doing anything wrong, which he was not.  Plaintiff has been unable to redress

grievances by an orchestrated cover-up and delay in claiming the matter is "still under

investigation" when it is not and in not fully investigating.  Instead of fully

investigating, cameras were turned off, the questions did not address the substance on

purpose and were an orchestrated method of NOT asking any relevant questions, and

allowing the shooter who had horrific priors to be on leave with full pay for years

while the claim was "being investigated"; all of which was designed and implemented

to deny the plaintiff a chance to redress his grievances with the government.  Further,

when a process server was attempting to serve the shooter, the city sent police vehicle

to slowly drive by and intimidate the process server and even followed him to the

gym to intimidate and harass the process server in an orchestrated attempt to prevent

plaintiff from redressing his grievances.  Further the government attempted to prevent

him from redressing his grievances by giving false statements of what occurred to the press and therefore family knowing that plaintiff had psychological limitations and was gravely wounded so that redress would at a minimum initially be done by family. Further, the arrest and prosecution was in and of itself was in actuality a violation of not only the other constitutional rights but specifically to prevent redress of grievances.

**C.    First Amendment Retaliation 42 U.S.C. §1983**

92.  Here, the initial officer offered help and Willie Henley declined.

93.  Willie Henley repeatedly asked to be left alone.

94.  The on-scene officers stalked, harassed, assaulted, chased, berated, cornered, threatened and molested Willie Henley instead of honoring his stated request to be left alone.

95. The officers violently accosted Willie Henley and detained him. They blocked his path and continued to threaten and harass him.

96. The officers detained and interacted with Willie Henley without reason to believe Willie Henley committed a crime or behaved in such a way that would cause a reasonable officer to fear for his or her safety.

97.  Willie Henley was not violating any law.

98.  The conduct and actions of the Defendants were done intentionally, maliciously, with deliberate indifference, and/or with reckless disregard for the natural and probable consequences of their acts.

99.  Defendants' conduct and actions were done without lawful justification or reason and caused Willie Henley's injury.

100. As a direct and proximate cause of the foregoing, Willie Henley was damaged and injured in an amount to be determined at trial.

101. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Willie N. Henley claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

102. The officers detained Willie N. Henley without reason to believe Willie N. Henley committed a crime or behaved in such a way that would cause a reasonable officer to fear for his or her safety.

103. Willie Henley's speech was non-commercial and was protected by the First Amendment.

104. Willie Henley's speech did not violate any law.

105. Defendants' conduct and actions, including illegally and violently seizing and detaining Willie Henley and his personal property, was motivated and/or substantially caused by Willie N. Henley's speech by virtue of his stated intention.

106. The conduct and actions of the Defendants were done intentionally, maliciously, with deliberate indifference, and/or with reckless disregard for the natural and probable consequences of their acts.

107. Defendants' conduct and actions were done without lawful justification or reason and caused Willie Henley's injury.

108. As a direct and proximate result of the foregoing, Willie Henley was damaged and injured in an amount to be determined at trial.

109. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or

reckless and was of such a nature that Willie N. Henley claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

110. The aforesaid conduct was a proximate cause of the Plaintiff's injures; these injuries were caused by the gross negligence of the co-defendants City of Buffalo, including employees in the Buffalo Police Department, and officers Karl Schultz and Alyssa Peron, their agents, servants and/or employees in contributing to and allowing said injury to occur.

111. That the resulting injury to Plaintiff was caused solely and wholly by reason of the aforesaid conduct by the defendants (acting jointly and severally).

112. As a result of the foregoing, defendants are liable to the plaintiff in an amount to be determined by the trier of fact.

**D.      Violation of Second Amendment**

113. Violation of the Second Amendment including but not limited to the right to right to bear arms.  When the police arrived, the plaintiff had a bag with all his possessions and a bat which he used as a deterrent for theft.  Plaintiff had a right to keep and bear arms and that right was infringed as the police repeatedly demanded plaintiff to drop his bat without any cause or provocation and would not leave the plaintiff alone and instead, stalked, terrorized, chemically and physically assaulted plaintiff repeatedly, and blocked his retreat first forcing him into traffic and then completely blocking his retreat, and repeatedly charging him (meaning aggressively approaching him).

114. The aforesaid conduct was a proximate cause of the Plaintiff's injures; these injuries were caused by the gross negligence of the co-defendants City of Buffalo, including

employees in the Buffalo Police Department, and officers Karl Schultz and Alyssa Peron, their agents, servants and/or employees in contributing to and allowing said injury to occur.

115. That the resulting injury to Plaintiff was caused solely and wholly by reason of the aforesaid conduct by the defendants (acting jointly and severally).

116. As a result of the foregoing, defendants are liable to the plaintiff in an amount to be determined by the trier of fact.

**E.      Violation of Fourth and Fourteenth Amendments- Unlawful Seizure**

117. Defendants are liable pursuant to 42 U.S.C. § 1983 for objectively unreasonably seizing Willie Henley and his personal property, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

118. Defendants deprived Willie Henley of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

119. Defendants confined Willie Henley when they stalked him, terrorized him, chemically assaulted him, assaulted him by beating him with batons, and shot him. They charged him in retaliation and to suppress attempts to redress grievances.

120.  Willie Henley was aware of the confinement by defendants and repeatedly advised the officers that he did not consent to the confinement.

121. The confinement by defendants was not otherwise privileged and was performed in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.

122. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Willie Henley claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

123. By and through the actions described above, defendants, acting under the color of state law, conspired to deprive Willie N. Henley of his constitutional rights, in violation of 42 U.S.C. § 1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

124. Defendants conspired amongst themselves to illegally detain Willie Henley despite this being a call for a welfare check and Willie Henley being offered help but repeatedly said he did not want help and wanted to be left alone.

125. As a direct and proximate cause of the foregoing, Willie Henley was damaged and injured in an amount to be determined at trial.

126. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Willie Henley claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

**F.   Violation of Fourth and Fourteenth Amendments- Excessive Force under 42 U.S.C § 1983**

127. Defendants forcibly detained Willie Henley as he was trying to go and get away from the officers after he repeatedly declined their "help".

128. Defendants touched and caused Willie Henley to be touched in a harmful and offensive manner including chemical assault, assault with batons, and shooting.

129. Defendants' actions placed Willie N. Henley in apprehension of imminent harmful

and offensive manner including chemical assault, assault with batons, and shooting.

130. Defendants' actions placed Willie Henley in apprehension of imminent harmful and offensive bodily contact.

131. Defendants did so without privilege or consent from Plaintiff.

132. Defendants conduct under the circumstances was excessive use of force on Willie N. Henley which a reasonable officer in their position would not have used under the circumstances.

133. As a result of defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

134. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured an amount to be determined at trial.

135. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

**G.      Violation of Fourth and Fourteenth Amendments - Failure to Intervene**

136. Law enforcement officers have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

137. The defendants failed to take reasonable steps to prevent their fellow officers from engaging in the illegal acts alleged herein, though they were present at the scene of such violations and were capable of doing so.

138. The defendants' actions violated Willie Henley's Constitutionally protected rights

under the Fourth and Fourteenth Amendments.

139. The defendants knew, or reasonably should have known, that their conduct violated Willie Henley's established Constitutionally protected rights.

140. The defendants acted with intent to violate, or with deliberate or reckless indifference to, Willie N. Henley's established rights under the Fourth and Fourteenth Amendment.

141. Each police officer at the scene pushed and shoved Willie N. Henley and failed to take any action to prevent the officers from seizing his cell phone.

142. The police officers present made sure to prevent any third parties from examining the scene and Mr. Henley by radioing to cancel any 911 or ambulance calls to the location. None of the officers present intervened to prevent these violations of Willie's Constitutionally protected rights. In fact, all of the officers watched and encouraged the violent actions by Officers Schultz and Peron against Willie Henley.

143. The Buffalo Police should have investigated the prior acts by Schultz and the shooting here and the charge filed.

144. Instead, the police officers at the scene made a reflexive decision, later ratified by supervisors, and apparently consistent with police department customs and practices, to blame the victim.

145. In a criminal conspiracy to suppress the truth, the police attempted to silence Willie Henley by force, intimidation, and threat.

146. None of the officers present intervened to prevent these violations of Willie Henley's Constitutionally protected rights. In fact, officers watched and encouraged violent actions.

147. As a direct and proximate result of Defendants' conduct, Plaintiff has been compelled to retain the services of counsel to protect and enforce his rights, and therefore, Plaintiff has incurred and continues to incur attorneys' fees, expert fees, and costs for which Plaintiff is entitled to reimbursement in an amount to be established at the time of trial pursuant to 42 U.S.C. § 1988.

148. At all times relevant herein, the defendants were acting under the color of state or federal law.

149. As a direct and proximate result of the foregoing, Willie Henley was damaged and injured in an amount to be determined at trial.

150. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Willie Henley claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

**H.  Violation of Fourth and Fourteenth Amendments - Negligent Hiring/Failure to Supervise and Train**

151. The defendants developed and maintained policies, customs, and practices exhibiting deliberate indifference to the constitutional rights of persons in Buffalo, which caused the violation of Willie Henley's rights.

152. Upon information and belief, to date, the City of Buffalo has not disciplined any of the on-scene officers for their bad acts as seen in the surveillance video that captured the incidents, including the harassment, stalking, entrapping, arresting, cutting off, chemically assaulting, assaulting him with batons, and then shooting of Willie Henley, who was merely in response to a call by a citizen.

153. Upon information and belief, the defendants City of Buffalo continues to maintain a

policy, custom, or practice of retaliating against individuals who lawfully object to police actions or behave in a way that officers perceive as disrespectful.

154. The policies, customs, and practices of defendants the City of Buffalo demonstrate a deliberate indifference to the constitutional rights of persons within the city of Buffalo and caused the violation of Willie Henley's rights alleged herein.

155. As a direct and proximate result of defendants' policies, customs, and practices, Willie Henley was damaged and injured at an amount to be determined at trial.

156. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Willie Henley claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

157. Violation of the Fourth Amendment and Fourteenth Amendment, including but not limited to the right to be secure in his personal , papers, and effects, including, upon information and believe, knocking his bag of all possessions or making it so he had to leave his bag with all his possessions on fear of physical harm and/or death, without cause or justification.

158. Violation of the Fourth Amendment and Fourteenth Amendments, including but not limited to, the right to be secure in his personal , papers, and effects, including demanding plaintiff drop his bat which was a significant portion of his personal possessions without cause or  justification, when his bat was just being carried and therefore just a piece of sports equipment at that moment, and was not being brandished or otherwise used as a weapon and all was done without any probable cause for arrest and with repeated statement that they just wanted to help plaintiff,

while at the same time repeatedly striking plaintiff chemically and with blunt instrument and then with a firearm with lethal force shooting him in the chest and other area. The arrest was arbitrary, including the first act arresting him, and not just the arrest after defendant shot plaintiff repeatedly.

159.  Violation of the Fourth Amendment and Fourteenth Amendment right against excessive force as here where quoting Thomas Jefferson, the government "sent hither swarms of Officers to harass our people" without cause or justification. Having that many police respond needlessly is, in and of itself, excessive force.

160.  Violation of the Fourth Amendment and Fourteenth Amendment right against excessive force as here where quoting Thomas Jefferson, the government "sent hither swarms of Officers to harass our people" without cause or justification by setting up a reward system in violation of the fourth and fourteenth amendment where police are paid extra to show up in court when there is an arrest and frequently allowed to have everyone show up beyond any reasonable need which results in unreasonable harassment and excessive police force without legitimate cause or justification.

161.  Violation of the Fourth Amendment right Freedom from excessive force.  Plaintiff received excessive force in the form of mental and psychological terror and repeated chemical assaults and in repeated physical assaults, staking and chasing him with gun(s) pointed at him, yelling at him to stop and drop the bat and that we want to help you while also chasing him with pointed gun, trying to cut him off from his retreat and corner him, menacing, intimidation, hearing orders to hit him again, spray him again, forcing him to have to choose between his life ending by being shot of

beat to death by police or by getting hit by a car, engaging in outrageous and crazy conduct that would terrorize any human being and impose fear of loss of life or safety. Each of the bad acts of the police is independently a violation of his constitutional rights. Also, there is liability for failure to intervene as stated above.

162. Violation of Fourth Amendment and Fourteenth Amendment rights against unreasonable arrest or arrest without probable cause. Such arrest from the first time he was followed, stalked, hunted down, told to stop, physically assaulted with batons, chemically assaulted, and then shot down, each was an arrest in and of itself, as plaintiff was being stalked with guns drawn plaintiff was repeatedly ordered to stop, which is an arrest, for which there was no probable cause.

163. Violation of Fourth Amendment and Fourteenth Amendment right against unreasonable arrest or arrest without probable cause. As Plaintiff was being stalked with guns drawn plaintiff was repeatedly ordered to stop, which is an arrest, for which there was no probable cause and for which no reason was given.

164. Violation of the Fourteenth Amendment for equal protection as there was disparate treatment based on race and violation based on disparate treatment based on disability.

165. Violation of the Sixth Amendment in denying the right to be informed of the charges as plaintiff repeatedly stated he was not doing anything wrong and the defendants refused to inform him of the charges that lead to the stalking, terrorizing with guns drawn, the repeated assaults and other bad acts.

166. The above list of violations of constitutional rights is illustrative and not exhaustive and there may have been additional violations not known to plaintiff at the time of

this writing and plaintiff reserves the right to request further amendment of the

complaint under the relations back doctrine as discovery continues and to add facts

as they become known that constitute violations.

### SIXTH CAUSE OF ACTION -  MUNICIPAL LIABILITY  UNDER 42 U.S.C. § 1983

167.  Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs 1

through 166 as if fully set forth herein.

168. The City of Buffalo directly caused the constitutional violations suffered by Plaintiff

and is liable for the damages suffered by Plaintiff  as a result of the conduct of the

defendant officers. The conduct of the defendant officers was a direct consequence

of policies and practices of the City of Buffalo existing at the time of the incidents

which has not been corrected and, upon information and belief, continues to the

present day.

169. At all times relevant to this complaint the City of Buffalo, acting through its Police

Department, had in effect policies, practices, and customs that condoned and

fostered the unconstitutional conduct of the individual defendants, and were a direct

and proximate cause of the damages and injuries complained of herein.

170.  The events of September 10, 2020 and the investigation of charges filed Willie

Henley, his family and other similarly situated individuals' constitutionally protected

expression of free speech and other protected expression.

171.  At all relevant times, the City of Buffalo, through its municipal officers, were aware

that had violated the City of Buffalo Police Department's Manual of Procedures

regarding their handling of the incidents on January 1, 2017, yet the City of Buffalo

has refused to discipline these officers for the very clear civil rights violations that

were captured on the surveillance footage.

172. Upon information and belief, the City of Buffalo's refusal to discipline these officers for the clear civil rights violations captured on the surveillance footage described above is consistent with the City's policy and custom, existing both before and after the incidents, to inadequately supervise its officers.

173. The City of Buffalo consistently and repeatedly has failed to properly screen its officers, and has continued to retain officers, including the individual officers named as defendants in this action, who have a history of inappropriate and unlawful acts, thereby causing further harm to the citizens of this great city.

174. In 2017, it was found that 94% of all complaints against City of Buffalo police officers resulted in no disciplinary action against the officers involved.

175. Upon information and belief, that 2017 statistic is consistent with the staggering lack of discipline and accountability for current City of Buffalo police officers.

176. Rather than disciplining its officers, the City of Buffalo has a policy and custom of promoting officers who have a history of violating the civil rights of citizens in the City of Buffalo.

177. For instance, after the incidents described above, and alter a Federal complaint was filed against her for her role in the incidents, the City of Buffalo promoted Officer Velez to Lieutenant in C-District, thereby further perpetuating the policy and custom of the City of Buffalo to retaliate against citizens who speak out against abuses by the City's police officers.

178. By promoting officers who have a history of violating the civil rights of citizens, the City of Buffalo has demonstrated a deliberate indifference to the rights and

privileges of the people its Police Department has sworn to protect.

179. As a direct and proximate result of the Defendants' policies, customs, and practices, Willie N. Henley was damaged and injured in an amount to be determined at trial.

180. The aforesaid conduct by the Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Willie N. Henley claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

181. Plaintiff incorporates the allegations contained the above paragraphs of this amended complaint as if fully set forth herein.

## **PRAYER FOR RELIEF**

182. Plaintiff, Willie Henley, prays for relief and demands judgment as follows:  that Willie Henley be awarded compensatory damages against all defendants in an amount to be determined at trial; that Willie Henley be awarded punitive damages against all defendants in an amounted to be determined at trial; that this Court, pursuant to 42 U.S.C. § 1988, issue an order awarding plaintiff reasonable attorneys' fees, together with the costs of this action against all defendants; and that this Court award such other further relief, together with any other legal or equitable relief, or both, as the Court deems just and proper.

DATED:        April 24, 2023

Respectfully submitted,

**/s/ Jeanne M. Vinal**
Vinal & Vinal, P.C.
193 Delaware Avenue
Buffalo, New York 14202
716-832-5900
vinalsesq@aol.com