UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BARBARA J. HENLEY as legal guardian of
WILLIE N. HENLEY, and WILLIE N.
HENLEY, individually.

DECISION AND
AND ORDER

22-cv-0065-LJV-JJM

Plaintiff,

v.

THE CITY OF BUFFALO, et. al.

Defendants.

Before the court is defendants' motion "for a stay of this action pending the conclusion of the parallel criminal action against [plaintiff] Willie Henley, including any criminal appeals". [47] at 1.[1] The motion has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [29]. Having considered the parties' submissions [47-51], the motion is granted in part and denied in part.[2]

### BACKGROUND

The claims in this action arise from a September 12, 2020, altercation between Henley and City of Buffalo Police Department Officers Karl Schultz and Alyssa Peron. *See* Amended Complaint [33]. On that date, Officer Peron approached Henley while he was seated on a public bench. Id., ¶¶24-27.  Officer Peron was responding to a citizen's complaint that

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]    "[T]he grant or denial of a stay is nondispositive." Williams v. Swack, 2015 WL 2237216, *1, n.2 (W.D.N.Y. 2015).

Henley "was talking to himself in a loud voice." Id., ¶90. Henley had with him all of his belongings, including "a bat which he used as a deterrent for theft." Id., ¶113. Officer Peron offered help to Henley, who rejected the offer and began to walk away. Id. at ¶¶92-96. Officer Peron, assisted by Officer Schultz, allegedly followed Henley as he retreated and continued to question him. Id., ¶162. Henley struck Office Peron with his baseball bat twice, at which point Office Schultz shot Henley in the abdomen. Lee Declaration [47], ¶3. Henley alleges gross negligence and violations of his civil rights as a result of this incident.

Henley was indicted by the Erie County District Attorney's Office on one count of assault in the second degree by means of a deadly weapon or dangerous instrument (New York Penal Law § 120.05), for striking Officer Peron. Henley Indictment [47-1]. A jury trial is currently scheduled to commence on April 18, 2024. Lee Declaration [49], ¶2.

In moving for a stay of further proceedings in this civil action, defendants argue that "Henley should be prevented from gaining access to pretrial deposition testimony of the officers that could be used against the People in the course of the criminal prosecution." Defendants' Memorandum of Law [47], ¶14.

## DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). There is no Constitutional requirement that a stay be issued in a civil case where there are parallel criminal proceedings. Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986). However, the court may "defer[] civil proceedings pending the completion of parallel criminal prosecutions

-2-

when the interests of justice seem[] to require such action." United States v. Kordel, 397 U.S. 1, 12, n. 27 (1970).  Nevertheless, "a stay of a civil action is considered to be an extraordinary remedy", Trustees of Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995), with the party seeking the stay bearing the burden of establishing its necessity. Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 97 (2d Cir. 2012).

In determining whether to stay a civil action in light of a pending criminal prosecution, courts in this Circuit consider "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." Trustees of Plumbers, 886 F. Supp. at 1139.  These factors "act as a rough guide" for determining whether a stay is warranted, Louis Vuitton, 676 F.3d at 99, but the ultimate decision "must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case". Id. Therefore, I will consider each of these factors.

### A.     Overlap Between the Civil and Criminal Cases

"'The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues.'" Volmar Distributors, Inc. v. New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993); Pollack, Parallel Civil and Criminal Proceedings, 129 F.R.D. 201, 203 (1990).  Where "the issues in the civil and criminal proceedings overlap extensively," the interests of justice weigh towards granting a stay of proceedings. Twenty First Century Corp.

v. LaBianca, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992); 800537 Ontario, Inc. v. World Imports U.S.A. Inc., 145 F. Supp. 2d 288, 291 (W.D.N.Y. 2001) (granting stay of proceedings where "[b]oth actions arise out of the same events"). Here the civil and criminal cases arise out of the same set of facts. Therefore, this factor favors a stay of this action.

### B. Status of the Case

"A stay of a civil case is most appropriate where a party of the civil case has already been indicted for the same conduct." Trustees of Plumbers, 886 F. Supp. at 1139; see Pollack, Parallel Civil and Criminal Proceedings, 129 F.R.D. at 203 ("[t]he strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned"); In re Par Pharmaceutical, Inc. Securities Litigation, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("[t]he weight of authority in [the Second Circuit] indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment"). Since Henley has been indicted and his criminal trial is currently scheduled for April 2024, this factor also weighs in favor of a stay.

### C. Plaintiffs' Interests

Typically, motions to stay further civil proceedings due to a parallel criminal action are brought "because of the risk that [a] response to civil discovery demands may impinge on [the defendant's] defenses and/or constitutional rights in the criminal matter." 800537 Ontario, 145 F. Supp. 2d at 290 n.1. Here, however, Henley "want[s] to push forward in the civil action". Vinal Declaration [50], ¶21. He notes that although three years have elapsed since the

-4-

incident, "[w]e have not had a deposition yet", and argues that "[j]ustice delayed is justice denied". Id., ¶¶19-20, 22. Since he wishes to proceed, this factor weighs against a stay.

### D. Defendants' Interests

Defendants argue that their interests "weigh in favor of a stay. It will be easier for the defendants to obtain summary judgment if Henley is convicted of assaulting Officer Peron with the baseball bat". Defendants' Memorandum of Law [47], ¶16. While this argument appears highly speculative, it weighs slightly in favor of granting a stay.

### E. Interests of the Court and the Public

"A stay of discovery pending resolution of the criminal case clearly serves both the interests of the Court and those of the public. By proceeding first with the criminal prosecution, the Court makes efficient use of judicial time and resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination . . . . Moreover, the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." Javier H. v. Garcia-Botello, 218 F.R.D. 72, 75 (W.D.N.Y. 2003). "Allowing civil discovery to proceed would likely afford [criminal] defendants access to evidence to which they are not entitled under the criminal discovery rules and, thereby, prejudice the proceedings." Id. at 74-75. See also Miller Declaration [48], ¶¶4-6.

Indeed, "if a grand jury indicts a party for conduct that is the subject of a civil action . . . the court is *obligated* to prevent that criminal defendant from using parallel civil

-5-

proceedings to gain premature access to evidence and information pertinent to the criminal case." Javier H., 218 F.R.D. at 75 (emphasis added).

"While the Court must be sensitive to the differences between the criminal and civil rules, that concern is addressed primarily toward allowing a civil litigant his fair day in court while at the same time ensuring the integrity of the [criminal] proceedings. To that end, the Court has the discretion to make whatever ruling it deems proper." Integrated Generics, Inc. v. Bowen, 678 F. Supp. 1004, 1009 (E.D.N.Y. 1988). In this case, the appropriate balance is to stay this action "until the conclusion of evidence in the related criminal case" (Javier H., 218 F.R.D. at 76), rather than through the conclusion of criminal appeals.

## CONCLUSION

For these reasons, defendants' motion [47] is granted to the extent of staying further proceedings in this action until the conclusion of evidence in the criminal case against Henley, but is otherwise denied.

SO ORDERED.

Dated: October 20, 2023

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge