UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

BARBARA J. HENLEY as legal guardian
of WILLIE N. HENLEY, and WILLIE N.
HENLEY, individually,

                      Plaintiffs,              Case No. 1:22-cv-00065-LJV-JJM

v.

THE CITY OF BUFFALO, et al.,

                      Defendants.

_____

## ATTORNEY DECLARATION IN FURTHER SUPPORT
## OF PLAINTIFFS' MOTION TO LIFT STAY

JEANNE M. VINAL, an attorney admitted to practice in this Court, declares under penalty of perjury pursuant to 28 U.S.C. §1746 that the following is true and correct upon information and belief and with review of the documents in file:

    1.    I am a principal of the firm, Vinal & Vinal, P.C., attorneys for the Plaintiffs.

    2.    This declaration is offered in further support of the Plaintiffs' motion to lift the stay and to return the case to discovery with a new discovery schedule.

    3.    I submitted multiple incidents of outrageously abusive conduct on the part of Officer Schultz mentioned in our initial Declaration of Jeanne M. Vinal, Esq., dated July 2, 2025. I stated thee were more. To make it complete up to Mr. Henley being shot, I wanted to add the rest of the incidents that we have:

(a)     On 6/30/17, officers were called for a domestic incident in the lower apartment of a residence. As the officers arrived at the door, the upstairds neighbor came down at a high rate of speed. As the neighbor was exiting the porch, the police officers asked his name and date of birth. He refused to give it and they arrested him. The man alleged that the cuffs were too tight and cut his wrists and caused hand swelling and was arrested for disorderly conduct. See complaint below:

**Investigative Summary:**

On 06/30/17 [redacted] filed a complaint alleging that his wrists were injured during an arrest by officers Karl Schultz and Calvis McKnight. [redacted] stated to PO Lavonne Hansor that when he was cuffed he received cuts on his wrists and his right hand became swollen. [redacted] stated in his written statement that he was at a friend's house trying to pick him up for work when a call for police came. [redacted] stated he answered the question asked by the police but was cuffed tightly and put in jail for disorderly conduct. [redacted] stated he did nothing wrong and was detained unwanted.

(b)     On 9/9/13, Officer Schultz was called to a family dispute call. A women had had an altercation with her 16 year old son that evening and she called the police for assistance with her son. When the officers arriveed they arrested her son and while he was seated and in handcuffs, they punched him in the face caused a busted lip and marks to his face. The women complained to internal affairs stating that she expected the officers to assist her with her son, not be "rude and belligerent," hit him in the face, and arrest him. The complaint and officer notes regarding the incident are below:

Inspector,

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ reports to the Internal Affairs Division Satellite Office that she feels her son, ▬▬▬▬▬▬▬▬▬▬, was subjected to excessive force when he was punched in the face (while seated) then placed under arrest by PO K. Schultz (CD#: 13-2520831). Cmplt states that she had called police due to an altercation she'd had with her son that evening and that she expected them to assist her not abuse her son. Cmplt says that when she objected to the officer's treatment of her son she was also placed under arrest. ▬▬▬▬▬ states that the responding officers were both "rude and belligerent" and she is very upset by how the incident was handled. She goes on to state that her son has marks on his face and a busted lip and she wishes to formally complain.

```
CALLED @ 2100 ON 09-09-13

TNGD TO TAPG

KS - YOU'RE NOT TAPING SHIT

CUT UNDER GYE
MOUTH BLEEDING

                            #16

TOLD 8x SHUT UP

KS PUNCHES
MOM BEGINS TO RECORD
COPS
```

(c) On 1/9/15, a woman was crodssing the street at Bailey and Doat on her way to her daughter's house. While crossing the intersection, she was taking pictures of police vehicle 476 stopped at the intersection of Bailey and Doat. As she was crossing the street, Officer Shultz asked her, "can we help you?" She stated no and Schultz told her to go back the other way or he would arrest her. She refused to turn back and he arrested her. She stated that while she was in the back of the patrol car, Officer Schultz took her phone and she could see him doing something with it. She asked Officer Schultz if he deleted the photos and he said, "no, they're still

there." Upon her release, she received her phone back with the rest of her property and discovered that the photos had been deleted from her phone. The complaint is below:

> 01-30-15
>
> - 1000hrs, this writer along with Lt. Lewis met with the complainant at city hall in the 311 office conference room and took a recorded statement from her. The complainant stated that she was on her way to her daughter's house and while crossing Bailey at the intersection of Doat she was taking pictures with her cell phone including pictures of police vehicle 476 stopped at the intersection of Bailey and Doat. The complainant said that as she was crossing the street she was stopped by officer Shultz who asked "can we help you?" The complainant said she told them no and officer Shultz told her to go back the other way or they would arrest her. The Complainant refused and the Officers arrested her. The complainant said that while she was being arrested Officer Shultz took her phone and while she was in the back seat of their patrol vehicle she could see him doing something with it. The complainant said that she asked Officer Shultz if he deleted the pictures from her phone and he told her "no, they're still there." The complainant said that she did not see Officer Shultz delete the pictures from her phone. The complainant did state that after being released from CCB on an appearance ticket and receiving her phone back with the rest of her property, she discovered that the photos had been deleted from her phone.

(d) On 10/7/18 at an incident at Allen and Elmwood, a complainant alleged that the police showed up to a group on people milling about. It is alleged that Officer Schultz knocked down a person and ordered him to "stay down" and his leg was broken due to the excessive force of Officer Schultz. A Notice of Claim was filed and a lawsuit was commenced regarding this incident.

4. These are only complaints that made it from the officer at the station up the chain. It does not include people dissuaded from filing officially at station or who were afraid or hopeless and never went further in fear of retaliation or futility. We are asking for subpoenaed complaints to further show the cost of doing nothing.

5. Plaintiffs therefore move to continue for this case and the benefit of the public.

Dated:     Buffalo, New York
            July 3, 2025

                                                        /s/ Jeanne M. Vinal
                                                        _____
                                                         Jeanne M. Vinal